AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

NORTHERN DISTRICT OF CALIFORNIA

E-FILING

GEOFFREY WELLS AND JETTZEN DICKEL

V.

CITY OF WATSONVILLE; CITY COUNCIL MEMBER/ MAYOR KIMBERLY PETERSEN; CITY COUNCIL MEMBER MANUEL BERSAMIN; CITY COUNCIL MEMBER OSCAR RIOS; CITY COUNCIL MEMBER ANTONIO RIVAS; CITY COUNCIL MEMBER GREG CAPUT; CITY COUNCIL MEMBER EDWARD DIN; CITY COUNCIL MEMBER DALE SKILLICORN; CITY DIRECTOR JOHN DOUGHTY AND DOES 1-15

SUMMONS IN A CIVIL CASE

CASE NUMBER: C08 01382 RS

ADR

TO: (Name and address of defendant)

SEE ATTACHED LIST

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

KATE WELLS
2600 FRESNO STREET
SANTA CRUZ, CALIFORNIA 95062
(831) 479-4475

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

RICHARD W. WIEKING

CLERK

MAR 1 1 2008

DATE

(BY) DEPUTY CLERK
Tiffany Salinas-Harwell

ATTACHMENT TO SUMMONS
*Wells, et al. v. City of Watsonville, et al.*

1. CITY OF WATSONVILLE
c/o City Clerk
275 Main Street, Suite 400
Watsonville, CA 95076

2. MAYOR KIMBERLY PETERSEN
275 Main Street, Suite 400
Watsonville, CA 95076

3. COUNCIL MEMBER MANUEL BERSAMIN
275 Main Street, 4th Floor
Watsonville, CA 95076

4. COUNCIL MEMBER OSCAR RIOS
275 Main Street, 4th Floor
Watsonville, CA 95076

5. COUNCIL MEMBER ANTONIO RIVAS
275 Main Street, 4th Floor
Watsonville, CA 95076

6. COUNCIL MEMBER GREG CAPUT
275 Main Street, 4th Floor
Watsonville, CA 95076

7. COUNCIL MEMBER EDWARD DIN
275 Main Street, 4th Floor
Watsonville, CA 95076

8. COUNCIL MEMBER DALE SKILLICORN
275 Main Street, 4th Floor
Watsonville, CA 95076

9. DIRECTOR JOHN DOUGHTY
250 Main Street
Watsonville, CA 95076

AO 399 (Rev. 10/95)

Clear Form

# WAIVER OF SERVICE OF SUMMONS

(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF) KATE WELLS

I, Rebecca Connolly / CITY OF WATSONVILLE, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of WELLS, et al. v. City of Watsonville et. al.
(CAPTION OF ACTION)

which is case number C08-01382 RS in the United States District Court
(DOCKET NUMBER)

for the Northern District of California.

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within ~~60~~ 20 days after 4/28/08
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

5/8/08
(DATE)

[signature]
(SIGNATURE)

Printed/Typed Name: REBECCA CONNOLLY

As ATTORNEY FOR CITY OF WATSONVILLE of
(TITLE) (CORPORATE DEFENDANT)

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 398 (12/93)

# NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A) CITY OF WATSONVILLE

as (B) ______________ of (C) ______________

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) Northern District of California

and has been assigned docket number (E) C08-01382RS

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F) ________ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before ~~60~~ 90 days from the date designated below as the date on which this notice is sent (or before 90 days from that date if your address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this 28th day of APRIL, 2008

Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A - Name of individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of individual to corporate defendant
C - Name of corporate defendant, if any
D - District
E - Docket number of action
F - Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver