1  Rebecca Connolly, Esq. SBN 145482
   GRUNSKY, EBEY, FARRAR & HOWELL
2  A Professional Corporation
   240 Westgate Drive
3  Watsonville, CA 95076
   Telephone (831) 722-2444
4  Facsimile  (831) 722-6153

5  Attorneys for Defendant CITY OF WATSONVILLE.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| GEOFFREY WELLS, ET AL.,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>CITY OF WATSONVILLE, ET AL.,<br><br>                    Defendants. | No.  C08-1382 RS<br><br>**ANSWER BY DEFENDANT CITY OF WATSONVILLE TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES – VIOLATION OF CONSTITUTIONAL RIGHTS** |

Defendant City of Watsonville ("City" or "defendant"), by and through its counsel, responds to plaintiffs' complaint as follows:

**JURISDICTION AND VENUE**

1.    In response to the allegations of paragraph 1, defendant admits what is contained in 42 U.S.C. §§ 1981 and 1988 and the First and Fourteenth Amendments to the Constitution of the United States, and admits that this court has jurisdiction over this action.  Defendant admits that the federal court may exercise pendent jurisdiction.  To the extent that there are other material allegations in the remainder of this paragraph, defendant does not have sufficient information to admit or deny them, and on that basis denies them.

2.    In response to the allegations of paragraph 2, defendant admits that the actions alleged in the complaint occurred within the judicial district located in the Northern District of California.  To

- 1 -

WATL19236\ answer-062308.doc
**C08-1382 RS**
**Answer by Defendant City of Watsonville**

1  the extent that there are other material allegations in the remainder of this paragraph, defendant does
2  not have sufficient information to admit or deny them, and on that basis denies them.

### PARTIES

4  3.   In response to the allegations of paragraph 3, defendant does not have sufficient
5  information to admit or deny the allegations in this paragraph and on that basis denies them.

6  4.   In answer to paragraph 4, defendant admits that the City is a public entity situated in
7  the State of California and organized under a city charter and the laws of the State of California.  This
8  answering defendant denies that the City of Watsonville is a political subdivision of the State of
9  California.

10  5.   In response to the allegations of paragraph 5, defendant admits that the identity of the
11  City Council members and the identity of the Director of Community Development, John Doughty,
12  are listed in this paragraph.  To the extent that there are other material allegations in the remainder of
13  this paragraph, defendant does not have sufficient information to admit or deny them, and on that
14  basis denies them.

15  6.   In answer to paragraph 6, defendant does not have sufficient information to admit or
16  deny the allegations in this paragraph and on that basis denies them.

### STATEMENT OF FACTS COMMON TO ALL CLAIMS

18  7.   In response to the allegations paragraph 7, defendant admits that in November of 2006,
19  the City had an ordinance which prohibited tattooing except under the supervision of a licensed
20  physician and that plaintiffs' attorney sent a letter expressing her opinion that such ordinance was not
21  constitutional.  To the extent that there are other material allegations in the remainder of this
22  paragraph, defendant does not have sufficient information to admit or deny them, and on that basis
23  denies them.

24  8.   In response to the allegations of paragraph 8, defendant admits that the City lawfully
25  imposed a one year moratorium on new tattoo shops in Watsonville and that a proposed new
26  ordinance was considered by the City Council on June 26, 2007 and August 17, 2007.  Defendant
27  admits that public concerns about health and safety issues were expressed by members of the public,
28  staff and the City Council during the public hearings on June 27, 2007 and August 14, 2007.

WATL19236\ answer-062308.doc
**C08-1382 RS**
**Answer by Defendant City of Watsonville**

1  Defendant denies that the comments made during the hearings were or may be fairly characterized as
2  "demeaning" or reflecting personal or any other kind of animosity or prejudice.  The testimony as set
3  forth in the transcripts of such hearings is the best evidence of what was said and not said and the
4  meaning to be gleaned therefrom.  To the extent that there are other material allegations in the
5  remainder of this paragraph, defendant does not have sufficient information to admit or deny them,
6  and on that basis denies them.
7         9.      In response to the allegations of paragraph 8, defendant admits that the proposed
8  amendments to the tattoo ordinance proposed legislating zoning changes that would permit tattoo
9  shops in the City of Watsonville.  Plaintiff Wells objected to the proposed zoning restrictions.
10 Defendant denies that the parcel map provided to the City Council by Doughty was inaccurate or
11 misleading.  The testimony as set forth in the transcripts of such hearings is the best evidence of what
12 was said and not said and the meaning to be gleaned therefrom.  Until the transcripts from theses
13 public hearings are available, the defendant does not have sufficient information to admit or deny
14 what was said on the public record, and on that basis denies both the characterization of such
15 comments as well as the content of such statements.  To the extent that there are other material
16 allegations in the remainder of this paragraph, defendant does not have sufficient information to admit
17 or deny them, and on that basis denies them.
18        10.     In response to the allegations of paragraph 10, defendant admits that comments were
19 made by members of the public and staff and City Council during the public hearings on June 27,
20 2007 and August 14, 2007 regarding public concerns and health and safety issues regarding
21 establishing tattoo businesses in the City of Watsonville.  Defendant admits that the amended
22 ordinance was not adopted at either the June 27, 2007 or August 14, 2007 meeting.  Defendant admits
23 that council member RIVAS moved to pass an amended ordinance on August 14, 2007 and that this
24 motion did not pass.  Defendant admits that a motion was made and carried to maintain the existing
25 ordinance at the August 14, 2007 meeting.  Defendant denies that the comments made during the
26 hearings are accurately or fairly characterized as "personal prejudices" or "contempt" for those who
27 chose to use tattoos or reflect a "contemptuous view for the art of tattooing." The testimony as set
28 forth in the transcripts of such hearings is the best evidence of what was said and not said and the

WATL19236\ answer-062308.doc
**C08-1382 RS**
**Answer by Defendant City of Watsonville**

meaning to be gleaned therefrom. Until the transcripts from theses public hearings are available, the defendant does not have sufficient information to admit or deny what was said on the public record, and on that basis denies both the characterization of such comments as well as the content of such statements. To the extent that there are other material allegations in the remainder of this paragraph, defendant does not have sufficient information to admit or deny them, and on that basis denies them.

11.   In response to the allegations of paragraph 11, defendant admits that on September 11, 2007, another public hearing was held regarding a proposed amended ordinance for tattoo and body art establishments. Defendant admits the proposed amended ordinance contained separation requirements and zoning restrictions. Defendant denies that the zoning restrictions do not reasonably allow for any potential locations for a tattoo business. Defendant admits that plaintiff and their attorney opposed the amended ordinance. Defendant admits that the proposed amended ordinance was passed by a majority and that the ordinance reflecting the zoning regulations for body art facilities is codified in the Watsonville Municipal Code at Chapter 14-27 with an effective date of October 25, 2007. The testimony as set forth in the transcripts of such hearings is the best evidence of what was said and not said and the meaning to be gleaned therefrom. Until the transcripts from this public hearings is available, the defendant does not have sufficient information to admit or deny what was said on the public record, and on that basis denies both the characterization of such comments as well as the content of such statements. To the extent that there are other material allegations in the remainder of this paragraph, defendant does not have sufficient information to admit or deny them, and on that basis denies them.

12.   In response to the allegations of paragraph 12, defendant admits that certain members of the City Council repeatedly stated that their concerns regarding the adopted ordinance were for the health and safety of their constituents. Defendant admits that the adopted ordinance codified at Title 6 Health and Sanitation, Chapter 4, Body Artist Permits, establishes health and safety requirements before a tattoo business may receive a permit. To the extent that plaintiffs' characterization of the permitting process differs from that set forth in Title 6, Chapter 4 of the Watsonville Municipal Code, defendant denies the allegations regarding the permitting process described in this paragraph. Defendant is informed and believes and therefore alleges that the plaintiffs have not and do not object

WATL19236\ answer-062308.doc
**C08-1382 RS**
**Answer by Defendant City of Watsonville**

to these health and safety requirements. Except as otherwise admitted, defendant denies each and every remaining allegation.

13.  In response to the allegations of paragraph 13, until the transcripts from theses public hearings are available, the defendant does not have sufficient information to admit or deny what was said or presented as evidence on the public record, and on that basis denies both the characterization of such comments as well as the content of such statements or evidence. The testimony as set forth in the transcripts of such hearings is the best evidence of what was said and not said and the meaning to be gleaned therefrom. To the extent that there are other material allegations in the remainder of this paragraph, defendant does not have sufficient information to admit or deny them, and on that basis denies them.

14.  In answer to paragraph 14, defendant denies each and every allegation contained therein.

15.  In answer to paragraph 15, defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

16.  In answer to paragraph 16, defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

17.  In answer to paragraph 17, defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

18.  In answer to paragraph 18, defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

19.  In answer to paragraph 19, defendant has insufficient information to admit or deny the allegations in this paragraph and on that basis denies them.

20.  In answer to paragraph 20, defendant denies each and every allegation contained therein.

//
//
//

- 5 -

WATL19236\ answer-062308.doc
**C08-1382 RS**
**Answer by Defendant City of Watsonville**

**Claim for Relief Number One**

**Violation of 42 U.S.C. Section 1983**

**(Violation of First and Fourteenth Amendments)**

21. In answer to paragraph 21, defendant incorporates its answers herein to all paragraphs above.

22. In answer to paragraph 22, defendant denies each and every allegation contained therein.

23. In answer to paragraph 23, defendant denies each and every allegation contained therein.

24. In answer to paragraph 24, defendant denies each and every allegation contained therein.

25. In answer to paragraph 25, defendant denies each and every allegation contained therein.

**Claim for Relief Number Two**

**Violation of 42 U.S.C. Section 1983**

**(Violation of Fourteenth Amendment – Equal Protection)**

26. In answer to paragraph 26, defendant incorporates its answers herein to all paragraphs above.

27. In answer to paragraph 27, defendant denies each and every allegation contained therein.

28. In answer to paragraph 28, defendant denies each and every allegation contained therein.

29. In answer to paragraph 29, defendant denies each and every allegation contained therein.

//

//

WATL19236\ answer-062308.doc
**C08-1382 RS**
**Answer by Defendant City of Watsonville**

### Claim for Relief Number Three
### Violation of 42 U.S.C. Section 1983
### (Violation of Fourteenth Amendment – Substantive Due Process)

30. In answer to paragraph 30, defendant incorporates its answers herein to all paragraphs above.

31. In answer to paragraph 31, defendant denies each and every allegation contained therein.

32. In answer to paragraph 32, defendant denies each and every allegation contained therein.

33. In answer to paragraph 33, defendant denies each and every allegation contained therein.

### Claim for Relief Number Four
### (Violation of Rights under the California Constitution)

34. In answer to paragraph 34, defendant incorporates its answers herein to all paragraphs above.

35. In answer to paragraph 35, defendant denies each and every allegation contained therein.

36. In answer to paragraph 36, defendant denies each and every allegation contained therein.

### Claim for Relief Number Five
### (Request for Declaratory Relief)

37. In answer to paragraph 37, defendant incorporates its answers herein to all paragraphs above.

38. In answer to paragraph 38, defendant denies each and every allegation contained therein.

39. In answer to paragraph 39, defendant denies each and every allegation contained therein.

WATL19236\ answer-062308.doc
**C08-1382 RS**
**Answer by Defendant City of Watsonville**

**Claim for Relief Number Six**

**(Request for Injunctive Relief)**

40. In answer to paragraph 40, defendant incorporates its answers herein to all paragraphs above.

41. In answer to paragraph 41, defendant denies each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

AS FURTHER, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSES TO SAID COMPLAINT, ANSWERING DEFENDANT AVERS:

1. First Affirmative Defense. As a separate affirmative defense to said complaint, answering defendant alleges that said complaint and each of its purported causes of action or claims for relief set forth therein fail to state facts sufficient to constitute a cause of action against this answering defendant.

2. Second Affirmative Defense. As a separate affirmative defense to said complaint, answering defendant alleges that plaintiffs or others caused or contributed to the matters alleged, thereby causing and/or contributing to injury or damage, if any.

3. Third Affirmative Defense. As a separate affirmative defense to said complaint, answering defendant alleges that its conduct was at all times reasonable, in complete good faith, based upon good cause, motivated solely by legitimate considerations and undertaken pursuant to the terms of applicable laws and regulations and not in violation of any constitutional rights of plaintiffs.

4. Fourth Affirmative Defense. As a separate affirmative defense to said complaint, answering defendant alleges that plaintiffs have failed to exercise reasonable diligence to mitigate their alleged damages, and any damages to which plaintiffs might be entitled must be reduced or denied accordingly.

//

//

WATL19236\ answer-062308.doc
**C08-1382 RS**
**Answer by Defendant City of Watsonville**

5.   Fifth Affirmative Defense.  As a separate affirmative defense to said complaint, answering defendant alleges that plaintiffs' complaint, and each and every claim contained therein, is barred in whole or in part by the doctrine of estoppel and waiver.

6.   Sixth Affirmative Defense.  As a separate affirmative defense to said complaint, answering defendant alleges that plaintiffs' claims are barred because they lack standing.

7.   Seventh Affirmative Defense.  As a separate affirmative defense to said complaint, answering defendant alleges that plaintiffs are not entitled to declaratory and/or injunctive relief as plaintiffs seek an adequate remedy at law.

8.   Eighth Affirmative Defense.  As a separate affirmative defense to said complaint, answering defendant allege that plaintiffs' request for punitive damages is barred pursuant to California Government Code § 818.

9.   Ninth Affirmative Defense.  As a separate affirmative defense to said complaint, answering defendant alleges that said complaint and each of the purported causes of action set forth therein are barred by the applicable statutes of limitations, including, but not limited to the statute of limitations set forth in California Government Code § 65009(c).

10.  Tenth Affirmative Defense.  As a separate affirmative defense to said complaint, answering defendant alleges that plaintiffs' claims are barred by the doctrine of laches.

### RESERVATION OF ADDITIONAL DEFENSES

Defendant reserves the right to raise any additional defenses, affirmative or otherwise, which may become apparent through discovery during the course of this action.

WHEREFORE, answering defendant prays:

1.   That this action be dismissed in its entirety, with prejudice;

2.   That judgment be entered in favor of defendant and against plaintiffs;

3.   That defendant be awarded costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

4.   For such other and further relief as the court may deem just and proper.

WATL19236\ answer-062308.doc
**C08-1382 RS**
**Answer by Defendant City of Watsonville**

<u>JURY TRIAL RESERVATION</u>

Defendant hereby demands a jury trial, pursuant to Federal Rules of Civil Procedure, Rule 38(a).

DATED:   June 23, 2008                    GRUNSKY, EBEY, FARRAR & HOWELL

By   */s/ Rebecca Connolly*
Rebecca Connolly, Attorneys for Defendant City of Watsonville

- 10 -

WATL19236\ answer-062308.doc
**C08-1382 RS**
**Answer by Defendant City of Watsonville**